UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:18-cr-00011-HAB-ALT |
| LONNIE GARDNER JR., | |
| Defendant. | |

**OPINION AND ORDER**

Defendant Lonnie Gardner Jr. ("Gardner") was arrested for violating his conditions of supervised release on June 30, 2025, and appeared before this Court on July 3, 2025, for an initial hearing regarding revocation of his supervised release. (ECF 104-107). On July 7, 2025, the Court held a contested detention hearing at which the Court detained Gardner pending a final hearing on revocation of his supervised release. (ECF 114). At the preliminary hearing, the Court asked the parties to file briefs on the issues presented in *United States v. Mercado*, 774 F. Supp. 3d 446 (D. Conn. 2025) ("the *Mercado* decision"), in which the United States District Court for the District of Connecticut held that there was no statutory authority for detaining defendants pending revocation proceedings.

The Government filed its brief on the *Mercado* issues on July 29, 2025, and Gardner filed his response brief on August 13, 2025. (ECF 121, 123). Additionally, on August 26, 2025, the Government filed a notice of supplemental authority informing that on August 25, 2025, the Second Circuit Court of Appeals issued *United States v. Fernandez*, No. 25-206-cr, 2025 WL 2433528 (2d Cir. Aug. 25, 2025), vacating the *Mercado* decision and holding that 18 U.S.C. § 1343(a)(1) authorizes detention of a defendant charged with a supervised release violation pending revocation proceedings. (ECF 124, 124-1). Further, on September 9, 2025, the

Government filed a second notice of supplemental authority, reporting that on September 5, 2025, the Third Circuit Court of Appeals issued *United States v. Smalls*, No. 25-1383, 2025 WL 2553772 (3d Cir. Sept. 5, 2025), agreeing with the reasoning in *Fernandez*. (ECF 125, 125-1). This matter is now ripe for ruling.

### A. Factual and Procedural Background

On January 28, 2020, Gardner, a United States citizen, pled guilty to the charges in Counts 2 and 3 of the Indictment: Armed Bank Robbery by Violence and Use of a Dangerous Weapon, 18 U.S.C. §§ 2113(a), (d); and Interference With Commerce by Threats or Violence and Aiding and Abetting, 18 U.S.C. § 1951 and § 2. (ECF 75-76; *see also* ECF 77). On May 7, 2020, Gardner was sentenced to 92 months imprisonment on each Count, with the sentences to run concurrently, followed by two years of supervised release. (ECF 90-91).

Gardner began his supervised release term on December 5, 2024. (*See* ECF 113 at 8). Approximately six months later, on June 30, 2025, probation filed a petition seeking to revoke Gardner's term of supervised release due to alleged violations of his supervised release conditions. (ECF 102). Gardner was arrested that same day and on July 3, 2025, appeared before the Court for an initial hearing on the petition to revoke his supervised release. (ECF 104-107). On July 9, 2025, a probable cause and detention hearing was held at which the *Mercado* decision was discussed, and I ordered the parties to file briefs on the *Mercado* issues. (ECF 114). As stated earlier, those briefs have now been filed (ECF 121, 123), together with the Government's notice of supplemental authority (ECF 124).

### B. Supervised Release

Supervised release is "a component" of a defendant's prison sentence. *Esteras v United States*, 145 S. Ct. 2031, 2039 n.4 (2025) (citation omitted); *see United States v. Mobley*, 833 F.3d 797, 801 (7th Cir. 2016) ("[A] criminal sentence is normally a package that includes several

component parts (term of imprisonment, fine, restitution, special assessment, supervised release) . . . ." (citation omitted)). Supervised released comes with a range of conditions, some mandatory but many discretionary. *See* 18 U.S.C. § 3583(d); *see also United States v. Kappes*, 782 F.3d 828, 837-38 (7th Cir. 2015) (noting that the sentencing judge has "wide discretion in determining conditions of supervised release . . . . " (citations omitted)). A court may modify conditions of supervised release by: (1) terminating the term of supervised release after the expiration of one year of supervised release; (2) extending the term of supervised release, subject to various conditions; (3) revoking the term of supervised release and requiring the defendant to serve additional prison time; and (4) ordering the defendant to serve his term of supervised release at home. *See* 18 U.S.C. § 3583(e).

Relevant here, if the court finds probable cause to believe a defendant has violated his conditions of release, the court can order him arrested under 18 U.S.C. § 3606. The defendant is then taken "without unnecessary delay" before the court having jurisdiction over him. *Id.*; Fed. R. Crim. P. 32.1(a)(1). Federal Rule of Criminal Procedure Rule 32.1, entitled "Revoking or Modifying Probation or Supervised Release[,]" states that the court must inform the defendant of the alleged violation, his right to counsel, and his right to a preliminary hearing. Fed. R. Crim. P. 32.1(a)(3). The preliminary hearing is to decide whether there is probable cause to believe that the defendant committed the alleged violation. Fed. R. Crim. P. 32.1(b)(1)(A). If the court finds that probable cause exists to believe the defendant committed the alleged violation, "the court must hold the revocation hearing within a reasonable time . . . ." Fed. R. Crim. P. 32.1(b)(2). Rule 32.1(a)(6) provides that "[t]he magistrate judge may release or detain the person under 18 U.S.C. § 3143(a)(1) pending further proceedings." Fed. R. Crim. P. 32.1(a)(6). In turn, § 3143(a)(1) provides that a court shall order that a defendant "who has been found guilty of an offense" and "is awaiting imposition or execution of a sentence" be detained, unless the court

finds by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released. 18 U.S.C. § 3143(a)(1).

At the revocation hearing, Rule 32.1 requires that the court "follow detailed procedures . . . ." *United States v. Lee*, 795 F.3d 682, 685 (7th Cir. 2015); *see* Fed. R. Crim. P. 32.1(b)(2). If the court finds by the preponderance of the evidence that the person has violated the terms of his supervised release, the court can "revoke a term of supervised release" and imprison the defendant for up to five years if the underlying offense is a class A felony. 18 U.S.C. § 3583(e)(3).

### C. The Mercado Decision

Carlos Mercado, a United States citizen who was serving a five-year term of supervised release, was alleged to have violated a condition of his supervised release. *See Mercado*, 774 F. Supp. 3d at 448. The Government moved for detention pending conclusion of his supervised release violation proceedings, citing 18 U.S.C. § 3143(a) and Rule 32.1. *See id.*

In considering the motion to detain, the district court cited the Non-Detention Act, which "prohibits the detention of a United States citizen without statutory authorization." *Id.* (footnote omitted); *see* 18 U.S.C. § 4001(a) ("No citizen shall be imprisoned or otherwise detained by the United States except pursuant to an Act of Congress."). The court noted that § 3143(a) "governs release or detention of a defendant pending imposition or execution of sentence, but does not mention supervised release." *Mercado*, 774 F. Supp. 3d at 449 (citing 18 U.S.C. § 3143(a)). The court also considered that Federal Rule of Criminal Procedure 46 provides that "Rule 32.1(a)(6) governs release pending a hearing on a violation of probation or supervised release[,]" *id.* (citation and footnote omitted), and that Rule 32.1(a)(6) states "[t]he magistrate judge may release or detain the person under 18 U.S.C. § 3143(a)(1) pending further proceedings[,]" *id.* at 450 (quoting Fed. R. Crim. P. 32.1(a)(6)). The Government argued that Rule 32.1 and § 3143(a)

4

together granted the court authority to detain Mercado pending a final hearing on the revocation of his supervised release. *Id.* (citation omitted).

The district court was not persuaded by the Government's argument. The court reasoned that Mercado had already served the entire term of imprisonment imposed, "and thus treating his original conviction as justifying further detention as a person 'awaiting' imposition of execution of that sentence would be illogical." *Id.* at 451. "Employing the original conviction to justify detention . . . would rely on a theory that Mercado could be punished a second time for the same conviction[,]" and "violate the constitutional guarantee against double jeopardy." *Id.* The court further reasoned that Rule 32.1 "cannot amend" § 3143(a)(1), as "statutory law prohibits procedural rules from providing an independent basis for detention." *Id.* at 454. "Thus, Rule 32.1 cannot abridge Mercado's substantive right to be free from detention absent statutory authorization." *Id.* The district court concluded that "neither Rule 32.1 nor section 3143(a)(1), taken together or in isolation, provide statutory authority to detain individuals on supervised release prior to a finding that they have committed a violation of a condition of supervised release." *Id.* at 455.

Nor did the court view that 18 U.S.C. § 3583(e) concerning revocation of a term of supervised release provide statutory authority to detain Mercado through its inclusion of the phrase, "pursuant to the provision of the Federal Rules of Criminal Procedure relating to the revocation of probation or supervised release." *Id.* (quoting 18 U.S.C. § 3583(e)). The court explained: "[S]ection 3583(e) does not *incorporate* any part of the Federal Rules of Criminal Procedure. The statute merely prescribes the procedures that govern the determination whether to revoke supervised release." *Id.* at 455-56. Accordingly, the court denied the Government's motion for detention, and Mercado remained on supervised release subject to the conditions imposed at sentencing. *Id.* at 456.

5

*D. The Government's Argument*

The Government advances several arguments in opposition to the reasoning set forth in *Mercado.* First, it contends that the Non-Detention Act does not limit the Court's power to detain Gardner pending revocation "because the Act relates to the power of the Executive Branch to detain[,]" not the power of the judicial branch. (ECF 121 at 6). The Government also asserts that "if *Mercado* is correct and neither Rule 32.1 nor § 3143 allowed this Court to address the status of someone who has been detained pursuant to § 3606, this Court would also lack the ability to release a supervisee who has been arrested[,]" *id.* at 9 (collecting cases), which "produces yet another absurd result[,]" *id.* (citation omitted)).

Third, the Government argues that § 3143(a) provides the authority to detain Gardner while a court resolves the revocation process, as Gardner "has been found guilty of an offense" (*id.* at 10 (quoting § 3143(a))—his original offense of conviction—and any consequences that arise from a violation of supervised release "flow from the original sentence imposed on the underlying conviction and do not amount to a new punishment[,]" (*id.* at 10-11 (collecting cases)). The Government further asserts that consistent with § 3143(a), a defendant facing revocation proceedings is "awaiting the 'execution' of his sentence[,]" because "[o]nce he has allegedly violated a term of supervision and has a hearing pending, he is therefore waiting to see what will happen to the rest of the sentence" (*id.* at 12).

Fourth, the Government urges that Rule 32.1 gives the Court the power to detain a defendant pending revocation, given that "Congress referenced the Rules of Criminal Procedure in § 3583(e) and "envisioned that those who violate supervised release would receive the process prescribed by those Rules." (*Id.* at 14 (quoting *United States v. Taylor*, No. 11-CR-290-A, 2025 WL 1076826, at *8 (W.D.N.Y. Apr. 10, 2025)). And finally, the Government suggests that the Court has authority to detain a defendant pursuant to 18 U.S.C. § 401, which provides that a

6

United States court has "'the power to punish by . . . imprisonment . . . such contempt of its authority' by someone who disobeyed or resisted a court's 'lawful writ, process, order, rule, decree, or command.'" (*Id.* at 16 (alterations in original) (quoting 18 U.S.C. § 401)).

### E. Gardner's Arguments

Gardner, in response, debunks the Government's proffered interpretation that the Non-Detention Act pertains only to the Executive Brach, asserting instead that "the United States" as used in the Act refers to all three branches of government. (ECF 123 at 8 (citation omitted)); *see United States v. Providence Journal Co.*, 485 U.S. 693, 701 (1988) ("Congress is familiar enough with the language of separation of powers that we shall not assume it intended, without saying so, to exclude the Judicial Branch when it referred to the 'interest of the United States.'" (discussing 28 U.S.C. § 518)). Next, Gardner emphasizes that while § 3606 provides the Court with authority to issue an arrest warrant when there is probable cause to believe that a defendant has violated the terms of his supervised release, "arrest and detention are two different things" and the statutory text of § 3606 says nothing about detention. (ECF 123 at 13 (citation omitted)).

Third, Gardner argues that nothing in § 3143(a) provides the Court with authority to order pre-revocation detention either. (*Id.* at 14). Gardner contends that § 3143(a) does not apply to a defendant who has already been sentenced, has served the prison term, and is awaiting a final revocation hearing at which he may, or may not, be imprisoned. (*Id.*). He claims it is "incoherent to say that a person . . . is . . . 'awaiting imposition or execution of a sentence'" when that person has already served the imprisonment component of the sentence and is actively executing the supervised-release component. (*Id.* at 16; *see id.* at 18 ("A person is not awaiting execution of sentence *while* serving that sentence." (citation omitted))). Gardner emphasizes that it takes a judicial finding on the release violations to impose a sentence that a person could be "awaiting . . . execution of . . . ." (*Id.* at 17 (alteration in original) (quoting 18 U.S.C. § 3143(a))).

7

Rather than look to § 3143(a), Gardner urges that § 3583 governs what happens after a defendant is alleged to have violated his term of supervised release, and nothing in § 3583(e) creates a presumption of incarceration at any stage of supervised release. (*Id.* at 19). Rather, Gardner contends the Court should adhere to § 3583(e), which contemplates only post-revocation detention, not ™3143(a). (*Id.*). In a nutshell, Gardner argues that where "the plain language of the statute shows that it is inapplicable to the situation at hand, this Court's task is to interpret that plain language and conclude it does not apply—not craft a judicial amendment." (*Id.* (citing *United States v. Balint*, 201 F.3d 928, 932-33 (7th Cir. 2000))).

Fourth, Gardner responds that the Federal Rules of Criminal Procedure, namely Rule 32.1, cannot "abridge, enlarge, or modify any substantive right." (*Id.* at 20 (quoting 28 U.S.C. § 2072(b))). Gardner observes that "Rule 32.1(a)(6) cannot be an independent source of authority for detention because that would abridge the substantive right afforded by 18 U.S.C. § 4001(a) not to be imprisoned absent express congressional authorization." (*Id.* at 21). Finally, Gardner contends that § 401, the criminal contempt statute, is completely inapplicable to supervised release, given that Gardner has not been charged with violating § 401. (*Id.* at 22).

*F. Discussion*

As of the date of this writing, Westlaw reflects that the *Mercado* decision has been discussed or cited by eleven district court cases. *See United States v. Clark*, 779 F. Supp. 3d 352 (W.D.N.Y. 2025); *United States v. Richardson*, 348 F.R.D. 602 (E.D.N.C. 2025); *United States v. DeShaw*, No. CR 21-30-BU-DLC, 2025 WL 1024315 (D. Mont. Apr. 7, 2025); *United States v. Thompson*, No. 19-20-CFC, 2025 WL 1114740 (D. Del. Apr. 15, 2025); *United States v. Stubbs*, No. 18-CR-6093-MAV, 2025 WL 1094293 (W.D.N.Y. Apr. 11, 2025); *United States v. Phillips*, No. CR21-030-JLR, 2025 WL 484706 (W.D. Wash. Feb. 13, 2025); *United States v. Diaz*, No. 3:18-cr-00057-MMD-CSD-4, 2025 WL 1470844 (D. Nev. May 22, 2025); *United*

*States v. Ceasar*, 776 F. Supp. 3d 147 (E.D.N.Y. 2025); *Taylor*, 2025 WL 1076826; *United States v. Perez-Vasquez*, 779 F. Supp. 3d 248 (N.D.N.Y. 2025); *United States v. Wade*, No. 1:09-cr-260-WMS-JJM, 2025 WL 786383 (W.D.N.Y. Mar. 12, 2025). Based on this Court's research, no district judge to date has followed the rationale set forth in the *Mercado* decision.[1] Nor does Gardner suggest otherwise. *See Phillips*, 2025 WL 484706, at *2 n.3 ("Since the enactment of the Non-Detention Act over 54 years ago, *Mercado* appears to be the only instance where a court has proposed the novel theory that the Non-Detention Act restricts a court's authority to detain individuals pending a hearing on revocation of supervised release.").

Moreover, on August 25, 2025, after the parties had filed their briefs on the *Mercado* issues here, the Second Circuit Court of Appeals vacated the *Mercado* decision in *Fernandez*, 2025 WL 2433528. Therein, the Court of Appeals concluded that § 3143(a)(1) "authorizes . . . detention because a supervisee was found 'guilty of an offense' when he was originally convicted and, with the initiation of revocation proceedings, is 'awaiting . . . execution' of a portion of his sentence for that conviction." *Id.* at *1 (second alteration in original). Specifically, the Court of Appeals stated:

> [B]ecause the term of supervised release (and its attendant procedures) is a part of a defendant's original sentence, and the consequences of violating the terms of supervised release authorized by that sentence are not punishment for additional criminal conduct, but rather a sanction for breaching the trust that justified the defendant's conditional liberty, revocation proceedings to adjudicate the alleged violation of the conditions of supervised release are not a new criminal prosecution. . . . Instead, these proceeding, and any resulting penalties, merely complete the original sentence imposed.

*Id.* at *6 (citations, internal quotation marks, and brackets omitted). Thus, the Court of Appeals reasoned that when a defendant has been charged with violating the terms of his supervised

---

[1] Several of the cited cases involve a district judge who "either explicitly or implicitly overturned" a decision by one magistrate judge ¦ Magistrate Judge Jeremiah J. McCarthy ¦ who followed *Mercado*'s reasoning in three cases. *See Thompson*, 2025 WL 1114740, at *3 n.3 (citing *Taylor*, 2025 WL 1076826).

release, "the defendant is . . . awaiting execution of the portion of his original sentence that allows for the imposition of consequences for violating the terms of supervised release, including revocation, after the application of the relevant procedures found in Section 3583 and Rule 32.1." *Id.* at 8. Accordingly, the Court of Appeals concluded that "the district court erred in concluding that it did not have the authority to detain Mercado under Section 3143(a) pending his revocation proceedings[,]" and then remanded the case to the district court to determine whether detention was warranted pursuant to § 3143(a)(1) and Rule 32.1(a)(6). *Id.* Further, as explained earlier, on September 5, 2025, the Third Circuit Court of Appeals issued *Smalls*, 2025 WL 2553772, in which it agreed with the reasoning set forth by the Second Circuit Court of Appeals in *Fernandez*.

Having considered the parties' arguments, and the *Mercado* decision and its progeny, I acknowledge that the *Mercado* decision raises novel matters of statutory interpretation worthy of discussion. However, given that all of the district judges addressing the *Mercado* decision have declined to follow its reasoning, that the Second Circuit Court of Appeals has now vacated the *Mercado* decision in *Fernandez*, and that the Third Circuit Court of Appeals has agreed with the reasoning of *Fernandez* in *Smalls*, I find the *Mercado* decision is not persuasive authority upon which to vacate the Detention Order entered in this case on July 9, 2025 (ECF 115). Instead, I fall into step with the post-*Mercado* cases cited herein.

In doing so, I conclude that on February 12, 2020, Gardner was "found guilty of an offense"—that is, the charges in Counts 2 and 3 of the Indictment (ECF 77, 91)—as required by § 3143(a)(1), which "resulted in [him] being placed on supervised release." *Clark*, 779 F. Supp. 3d at 357 (citation omitted). "This [supervised release] portion of the sentence and any related revocation procedures, and the penalties that may result from those procedures, are considered a part of the original sentence, meaning supervised release is authorized by the original conviction,

10

and so too are the consequences of its violation." *Fernandez*, 2025 WL 2433528, at *5 (internal quotation marks omitted) (collecting cases); *see also Smalls*, 2025 WL 2553772, at *5 (citing *Fernandez*, 2025 WL 2433528, at *8). And for the reasons explained in *Fernandez*, when Gardner was charged with violating the terms of his supervised release on June 30, 2025 (ECF 102-104), "the initial carceral component of the sentence ha[d] been executed, the term of supervised release [was] being executed, and any consequences of the violation, including the initiation of revocation proceedings, are *awaiting* execution[,]" "which are themselves a component of his original sentence." *Fernandez*, 2025 WL 2433528, at *8 (emphasis added); *see also Smalls*, 2025 WL 2553772, at *8 (citing *Fernandez*, 2025 WL 2433528, at *8). Consequently, viewing *Fernandez* and *Smalls* as persuasive authority, this Court has authority to detain Gardner under § 3143(a) and Rule 32.1(a)(6), and therefore, the Court's Order of Detention entered on July 9, 2025 (ECF 115) will stand.

## G. Conclusion

Having considered the parties' respective briefs on the *Mercado* decision (ECF 121, 123, 124, 125), and the relevant case law, the Court finds that it has the statutory authority to detain Gardner and stands on its Order of Detention dated July 9, 2025. (ECF 115).

SO ORDERED.

Entered this 10th day of September 2025.

/s/ Andrew L. Teel
Andrew L. Teel
United States Magistrate Judge